UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHARMERICA EAST, LLC,

    Plaintiff,

v.

GENERATION HEALTH &
REHABILITATION CENTER LLC,

    Defendant.

Case No. 2:19-cv-4762
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION & ORDER

This matter is before the Court on Plaintiff PharMerica East, LLC's ("Plaintiff") Motion for Default Judgment Against Defendant Generation Health & Rehabilitation Center LLC ("Defendant") (ECF No. 7). Defendant has not opposed Plaintiff's motion. For the reasons below, the Court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 7).

### I.

Plaintiff filed this case against Defendant on October 28, 2019. Plaintiff asserts three claims: (1) breach of contract; (2) promissory estoppel; and (3) unjust enrichment/constructive trust. (*See* Compl. ¶¶ 19–43, ECF No. 1.) Plaintiff moved for, and obtained, an entry of default against Defendant when Defendant failed to answer or otherwise respond to Plaintiff's Complaint. (*See* Entry Default, ECF No 6.) Since the entry of default, Defendant has still not answered or otherwise responded. As such, Plaintiff now requests that the Court grant default judgment against Defendant on all claims. (*See* Mot. Default J., ECF No. 7.) Additionally, Plaintiff seeks: (1) $226,438.42 for damages; (2) $36,767.32 plus $111.78 for each day after December 4, 2019, until judgment for prejudgment interest; (3) post-judgment interest from the date of judgment at

1

the applicable rate; (4) $5,440.50 for attorneys' fees; and (5) $558.15 for court costs. (*Id.* at 3.) For support, Plaintiff submits the affidavit of Jennifer Yowler, Plaintiff's Senior Vice President and Chief Financial Officer and the affidavit of Elizabeth Brown Noland, Plaintiff's counsel for this matter. (*Id.* at Ex. A, B.)

Because of the default entry, the Court takes Plaintiff's allegations regarding Defendant's liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations below.

Defendant owns and operates a skilled nursing facility in Newark, Ohio. (Compl. ¶ 1.) On or about May 14, 2018, Plaintiff and Defendant entered into a Pharmacy Services Agreement ("the Agreement"). (Compl. ¶ 8.) Pursuant to the Agreement, Plaintiff agreed to provide pharmacy related goods and services to the residents of Defendant's facility and Defendant agreed to pay for such goods and services. (*Id.*) Defendant commenced performance on June 1, 2018, and periodically submitted written orders for goods and services to Plaintiff. (*Id.* at ¶ 9.) Plaintiff filled those orders. (*Id.*) Defendant received and accepted delivery of the goods and services. (*Id.*) Plaintiff performed all of its obligations under the Agreement including timely submission of monthly invoices to Defendant. (*Id.* at ¶ 10.)

The Agreement required Defendant to pay the amount listed on each invoice within 90 days of the date of the invoice. (*Id.* at ¶ 11.) By July of 2018, Defendant owed Plaintiff significant amounts of money past due. (*Id.* at ¶ 12.) Defendant, however, assured Plaintiff of payment and thus, Plaintiff continued to provide Defendant goods and services until April 1, 2019. (*Id.*) On September 24, 2019, Plaintiff issued Defendant a demand letter for the amounts due and owing under the Agreement. (*Id.* at ¶ 13.) Plaintiff gave Defendant until October 1, 2019. (*Id.*) Defendant refused to pay the amount it owed Plaintiff. (*Id.* at ¶ 14.)

2

The reasonable value of the goods and services Plaintiff provided and did not receive payment for is $226,438.42 exclusive of interest, late fees, attorney's fees, and costs. (*Id.* at ¶ 15.) Defendant has been reimbursed by Medicare for a significant portion of the goods and services Plaintiff provided. (*Id.* at ¶ 16.)

The Agreement provides that interest is to be charged on all outstanding amounts calculated at a monthly rate of 1.5%. (*Id.* at ¶ 17.) Additionally, the Agreement provides that Defendant shall pay Plaintiff's costs and attorney's fees in collecting amounts owed under the agreement. (*Id.* at ¶ 18.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A

3

court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

The Court finds Plaintiff's Complaint establishes liability in this case. The parties had an agreement under which Defendant promised to pay Plaintiff for goods and services provided. Relying on Defendant's promise to pay, Plaintiff provided those goods and services. Defendant has not paid. Defendant breached the contract. Additionally, Defendant has been paid by Medicare, and thus, has been unjustly enriched.

Plaintiff's well-plead allegations have established liability, but the company "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")). The Court finds that a hearing is not necessary in this case to determine damages. Jennifer Yowler's and Elizabeth Noland's affidavits sufficiently establish damages and thus, do away with the need for a hearing.

Based on its motion, Ms. Yowler's affidavit, Ms. Nolan's affidavit, and the record, Plaintiff is due the following: (1) damages for unpaid invoices in the amount of $226,438.42; (2) prejudgment interest in the amount of $36,767.32 plus $111.78 each day until entry of judgment; (3) attorney's fees in the amount of $5,440.50; and (4) costs in the amount of $558.15.

Plaintiff also requests post-judgement interest. (*See* Mot. Default J. at 3.) Due to Defendant's default and failure to respond, Plaintiff will likely be delayed in securing payment of the judgment. The Court finds post-judgment interest is appropriate pursuant to 28 U.S.C. § 1961(a).[1] *See Gillette Co. v. Save & Disc. LLC*, 2016 U.S. Dist. LEXIS 90925, at *11–12 (S.D. Ohio July 13, 2016). In calculating post-judgment interest, the rate of the 52-week Treasury Bill is an appropriate rate. *Id.* (citing 28 U.S.C. § 1961); *Isaac Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998). As of January 10, 2020, this rate was 1.49%.[2] Compounded annually, this yields $9.34 in interest per day.[3] Accordingly, Plaintiff is entitled to post-judgment interest from the date judgment is entered at a rate of $9.24 per day, until the judgment is paid.

### III.

For the reasons stated, Plaintiff's motion for default judgment against Defendant (ECF No. 7) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

1-27-2020
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

---

[1] "In diversity cases in [the Sixth Circuit], federal law controls post judgment interest." *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.2d 400, 409 (6th Cir. 2005) (internal citations omitted).
[2] *See* https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=billrates accessed on January 13, 2020.
[3] .0149/365 x $226,438.42=$9.24.